UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:04cr18-11

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **JERRY GERARD PARSON,** | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on Defendant's *pro se* Motion for Leave to File Notice of Appeal Out of Time (Document #434), filed May 28, 2009. This matter is now ripe for disposition.

Rule 4(b)(1)(A) requires that a defendant in a criminal case file a notice of appeal in the district court "within 10 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." FED. R. APP. P. 4(b)(1)(A). However, Rule 4(b)(4) permits the Court "[u]pon a finding of excusable neglect or good cause . . . – before or after the time has expired, with or without motion and notice – [to] extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Other than as provided in this rule, the Court may not extend the time for filing a notice of appeal. *See* United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985); United States v. Schuchardt, 685 F.2d 901, 902 (4th Cir. 1982).

Relevant to the instant motion, this court issued an order (Document #421) on March 3, 2009, denying Defendant's motion to reduce sentence (Document #401) pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines. Defendant then filed a *pro se* motion for

1

reconsideration. This motion was dated March 20, 2009 by the Defendant, was postmarked March 23, 2009, and was filed by the clerk's office on March 25, 2009. The court also denied that motion in a text-only order issued April 17, 2009. Thereafter, Defendant filed his *pro se* notice of appeal, dated May 5, 2009. More than two weeks later, Defendant filed the motion for leave to file notice of appeal out of time that is now before the court.

Defendant's notice of appeal was not filed within the thirty day excusable neglect period following entry of the court's order denying Defendant's motion to reduce sentence. Although a timely motion for reconsideration may extend the period for filing a notice of appeal, in order to be timely such a motion must be made within ten days of entry of the court's order. United States v. Sales, 83 Fed. Appx. 512 (4th Cir. 2003) (unpublished); United States v. Blocker, 972 F.2d 342, n.2 (4th Cir. 1992) (unpublished table decision) (citing Nilson Van & Storage Co. v. Marsh, 755 F.2d 362, 364-65 (4th Cir. 1985)). In the present case, this ten day period expired on March 17, 2009, and Defendant's motion for reconsideration could not have been delivered to a prison official for mailing before March 20, 2009, which is the date Defendant himself placed on the motion. Thus, filing of the motion for reconsideration did not toll the time available for filing an appeal. Therefore, to the extent Defendant is seeking to appeal the court's original order denying his motion to reduce sentence, the court finds that the notice of appeal was untimely filed.[*]

However, to the extent Defendant seeks to appeal the court's denial of his motion for

---

[*]Defendant's motion for reconsideration stated that Defendant had requested his counsel to file an appeal from the denial of his motion for reduction of sentence, but that counsel had failed to do so. However, this does not affect the timeliness of Defendant's appeal. Because a defendant does not have a right to counsel with respect to a § 3582(c) motion, there can be no right to effective assistance of counsel either. United States v. Taylor, 414 F.3d 528, 537 (4th Cir. 2005); United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000).

reconsideration, the court finds that Defendant's notice of appeal, dated May 5, 2009 and mailed May 6, 2009, was timely filed. Although this was more than ten days after the entry of the order denying reconsideration, the notice of appeal still fell comfortably within the thirty day excusable neglect period, and Defendant has shown good cause warranting an extension. Specifically, Defendant claims that his notice of appeal was tardily filed because he was not aware of the court's denial of his motion for reconsideration until he received a copy of his docket sheet from the clerk of court on April 30, 2009. Because Defendant acted promptly to file a notice of appeal once he became aware of the denial of his motion for reconsideration, the court finds that good cause exists for granting an extension of time pursuant to FED. R. APP. P. 4(b)(4).

**IT IS, THEREFORE, ORDERED** that Defendant's Notice of Appeal is deemed timely filed as to this court's denial of Defendant's motion for reconsideration.

**IT IS FURTHER ORDERED** that Defendant's Notice of Appeal is deemed untimely with respect to the court's original order denying Defendant's motion for reduction of sentence.

**IT IS FURTHER ORDERED** that the Deputy Clerk shall forward a copy of this Order to the Fourth Circuit Court of Appeals along with the record on appeal.

Signed: July 16, 2009

Richard L. Voorhees
United States District Judge

3